Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch  Drive, Suite 350
Henderson, Nevada  89014
Telephone: (702) 474-4220
Facsimile:  (702) 474-4228
Email: jeffrey@jeffreycogan.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| **JENNIFER WOODBURN,** individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>*v.*<br><br>**THE GENERAL AUTOMOBILE INSURANCE SERVICES, INC.**, doing business as THE GENERAL, a California corporation,<br><br>     *Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jennifer Woodburn ("Plaintiff Woodburn" or "Woodburn") brings this Class Action Complaint and Demand for Jury Trial against Defendant The General Automobile Insurance Services, Inc. doing business as The General ("Defendant" or "The General") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages without consent to consumers whose phone numbers were registered on the National Do Not Call registry ("DNC"). Plaintiff Woodburn, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1.    Plaintiff Jennifer Woodburn is a resident of Las Vegas, Nevada.

2.    Defendant The General is a California corporation headquartered in Nashville, Tennessee.

**JURISDICTION AND VENUE**

3.    This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.    This Court has specific personal jurisdiction over Defendant because the Defendant conducts business in this District and directed the calls to Plaintiff here.

5.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant directed the calls at issue to Plaintiff's cell phone number which Plaintiff received in this District.

**INTRODUCTION**

6.    As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

9.     "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

10.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

11.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

12.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

13.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

14.     According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in April 2022 alone, at a rate of 131.4 million calls per day. www.robocallindex.com (last visited May 9, 2022).

15.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

16. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

17.     The General is an insurance agency which sells insurance on behalf of its parent companies to consumers throughout the U.S.[3]

18.     Defendant The General sends unwanted telemarketing text messages to cell phone numbers which are registered on the National Do Not Call list, without obtaining their consent.

19.     As per Plaintiff's experience, The General sent telemarketing text messages to her cell phone which is registered on the National Do Not Call list, without obtaining her prior consent to send telemarketing text messages to her cell phone.

20. Multiple consumers have posted complaints about unwanted telemarketing calls they received from the Defendant, for instance:



Telemarketer reported by *SIA User*
Insurance sales



The General (Company) reported by *Kat*
The General Insurance company



Company reported by *SIA User*
General Insurance, Insurance Company, good



Telemarketer reported by *107.11.251.xxx*
insurance annoying



Telemarketer reported by *G###D'~~*
the general trying to sell me back at 7am **** annoying.



Company reported by *SIA User*
General Ins

[4]

/ / /

---

[3] https://www.linkedin.com/company/the-general/about/
[4] https://www.shouldianswer.com/phone-number/6157441000

CLASS ACTION COMPLAINT
-4-

1

2



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF WOODBURN'S ALLEGATIONS**

21.    Plaintiff Woodburn registered her cell phone number on the DNC on July 19, 2019, so that she would not receive unsolicited calls and text messages.

22.    Plaintiff Woodburn's cell phone number is not associated with a business and is used for personal use only.

23.    In April 2022, Plaintiff started receiving unwanted telemarketing text messages to her cell phone from Defendant The General offering automobile insurance quotes to her.

24.    On April 25, 2022, at 9:01 PM, Plaintiff Woodburn received a text message from Defendant The General using the phone number 205-431-3529, offering an auto insurance quote:

+1 (205) 431-3529 >

Text Message
Yesterday 9:01 PM

Hi AENEAS! Get a coverage quote from The General for your 2013 CHRYSLER. Txt Yes to begin & to get a link-only $202.59 down. Let me know if uninterested.

25.    On April 26, 2022, at 9:54 AM, Plaintiff Woodburn received another text message to her cell phone from Defendant The General using the same phone number 205-431-3529, again soliciting auto insurance to her.

Today 9:54 AM

Auto coverage doesn't get any simpler than this, AENEAS. The General accepts most cars & drivers--get your 2013 CHRYSLER covered. I'll send you a site.

Stop

26.    The unsolicited telemarketing text messages received by Plaintiff Woodburn soliciting Defendant The General's auto insurance quotes to the Plaintiff were addressed to "AENEAS", which is not a name or alias used by Plaintiff Woodburn.

27.    The unsolicited telemarketing text messages received by Plaintiff Woodburn were offering Defendant The General's auto insurance quotes for a "2013 CHRYSLER." Plaintiff Woodburn does not own a 2013 Chrysler and was not looking for auto insurance quotes from the Defendant.

28.    The phone number 205-431-3529 is allotted to and is operated by Defendant The General and it is answered by an automated voice system which identifies the Defendant.

29.    Plaintiff Woodburn has never provided her phone number or consent to be called by the Defendant.

30.    Plaintiff also has no prior business relationship with the Defendant.

31.    The unauthorized solicitation text messages that Plaintiff Woodburn received from the Defendant, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her cell phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

32. Seeking redress for these injuries, Plaintiff Woodburn, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits sending unsolicited telemarketing text messages to cell phone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

33.    Plaintiff Woodburn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted or called more than one time, (2) within any 12-month period, (3)

where the person's cell phone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

34.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Woodburn anticipates the need to amend the Class definitions following appropriate discovery.

35.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Woodburn and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)   whether the Defendant systematically sent multiple text messages to the Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

b)   whether Defendant's text messages to Plaintiff and other consumers were for telemarketing purposes;

c)   whether Defendant's text messages to Plaintiff and other consumers were made without the requisite level of consent;

d)   whether the text messages constitute a violation of the TCPA; and

e)   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37.     **Adequate Representation**: Plaintiff Woodburn will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and

experienced in class actions. Plaintiff Woodburn has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Woodburn and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Woodburn nor her counsel have any interest adverse to the Class.

38.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Woodburn. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Woodburn and the Do Not Call Registry Class)**

39.    Plaintiff Woodburn repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

40.    Defendant and/or its agents sent multiple unwanted solicitation text messages to Plaintiff and the other members of the Do Not Call Registry Class.

41.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation." To "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42.    Any "person who has received more than one telephone call within 12-month period by or on the behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

45.    As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Woodburn individually and on behalf of the Class, prays for the following relief:

a)  An order certifying the Class as defined above; appointing Plaintiff Woodburn as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of damages and costs for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Woodburn requests a jury trial.

Respectfully submitted by,

**JENNIFER WOODBURN**, individually and on behalf of all others similarly situated,

DATED this 28th day of November 2022.

By: /s/ *Jeffrey A. Cogan*
Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada  89014-3191
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com


Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*