# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jennifer Woodburn, | Case No. 2:22-cv-01975-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| The General Automobile Insurance Services, Inc., | |
| Defendant. | |

This is a Telephone Consumer Protection Act action arising out of unsolicited texts Defendant The General Automobile Insurance Services, Inc. allegedly sent to Plaintiff Jennifer Woodburn. The parties filed a joint discovery plan and scheduling order with competing viewpoints. (ECF No. 18). Plaintiff has proposed an extended discovery schedule. (*Id.* at 1-3). Defendant has proposed that discovery be stayed until the Court decides its pending dispositive motion. (*Id.*). Because the Court finds that a proposed discovery plan and scheduling order is not the appropriate way to seek a discovery stay, and because the Court finds that certain of Plaintiff's proposed dates are miscalculated or unexplained, it denies the discovery plan and scheduling order.

**I.       Discussion.**

Under Local Rule 26-1(a), "[f]ourteen days after mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order. The plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b)." The parties may request special scheduling review for longer or different time periods. LR 26-1(a). The parties may also submit a statement of each party's position in each point in dispute. LR 26-1(a).

However, the Federal Rules do not provide for an automatic or blanket stay of discovery when a potentially dispositive motion is pending. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Rather, the Court decides motions to stay discovery pending resolution of a dispositive motion after conducting a two-part test.[1] *See Scharder v.* Wynn, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at 2-4 (D. Nev. Oct. 14, 2021). First, the Court asks whether the dispositive motion can be decided without further discovery. *See id.* Second, the Court asks whether there is good cause to stay discovery. *See id.*

The Court denies the discovery plan and scheduling order. At this stage, the parties are required by the Local Rules to submit a plan capable of becoming the scheduling order. While they may request longer or different deadlines, the Local Rules do not provide that they may seek a stay at this stage. Additionally, by requesting a stay in the discovery plan and scheduling order, Defendant has sought to stay discovery before it has even begun. If the Court were to treat the discovery plan as a motion to stay discovery, discovery would *de facto* be stayed while the Court determines the motion. Defendant's request is thus premature.

However, the Court cannot grant Plaintiff's proposed schedule because it contains unexplained deviations from the discovery progression outlined in Local Rule 26-1(b). Plaintiff's proposed deadline to amend pleadings or add parties is 293 days before the close of discovery, as opposed to the ninety days provided by Local Rule 26-1(b)(2). The proposed deadline to file a motion for class certification also coincides with the initial expert disclosure deadline. But it is unclear if this was intentional. The Court will thus deny the proposed schedule without prejudice.

The Court will require the parties to file a renewed stipulated discovery plan and scheduling order as required by Local Rule 26-1(a). Defendant may separately move to stay discovery, but may not make that request in the stipulated discovery plan. The renewed discovery plan shall also address the Court's concerns with the proposed schedule outlined above.

---

[1] While courts in this district have also employed the three-part preliminary peek test, this Court employs the two-part good cause test to decide motions to stay discovery based on the analysis in *Scharder v. Wynn*, 2021 WL 4810324, at *2-4.

**IT IS THEREFORE ORDERED** that the parties' proposed discovery plan (ECF No. 18) is **denied without prejudice.** The parties shall file a renewed discovery plan on or before **May 8, 2023.**

DATED: April 18, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE