# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jennifer Woodburn, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The General Automobile Insurance Services, Inc.,<br><br>Defendant. | Case No. 2:22-cv-01975-APG-DJA<br><br>**Order** |

Before the Court is the parties' stipulated discovery plan. (ECF No. 31). Defendant explains that it will be filing a motion to bifurcate or stay discovery, but agrees to a preliminary discovery plan. Plaintiff explains that longer discovery periods are necessary to accommodate the putative class action. However, it is not entirely clear what deadlines the parties agreed upon. Plaintiff proposes a discovery period ending on September 27, 2024 on page 2 and the parties reference a discovery period ending on December 27, 2024 on page 4. However, if discovery ends on December 27, 2024, that would constitute a 723-day discovery period (when counting from the date Defendant first appeared in the action on January 4, 2023). And certain of the proposed deadlines deviate from the schedule in Local Rule 26-1(b) without explanation.[1] The Court will thus grant the September 27, 2024 discovery cutoff and set corresponding discovery dates in line with Local Rule 26-1(b).[2]

---

[1] For example, the proposed amend pleadings or add parties deadline is eleven months before the discovery cutoff date. But Local Rule 26-1(b)(2) provides that the deadline to amend pleadings or add parties should be ninety days before the discovery cutoff date.

[2] The Court will not grant the parties' proposed deadlines to file the motion for class certification and to respond to that motion. While the parties are free to agree amongst themselves regarding their briefing schedule—and may file the appropriate motion or stipulation to modify that briefing schedule if necessary—the Court will not set this schedule for two reasons. First, the parties are in a better position to determine the timing of the class certification motion now that the Court has

**IT IS THEREFORE ORDERED** that parties' stipulation (ECF No. 31) is **granted in part and denied in part.** It is denied in part regarding the parties' proposed discovery schedule to the extent it conflicts with the below. It is granted in all other respects. The below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | July 1, 2024 |
| Expert disclosures: | July 29, 2024 |
| Rebuttal expert disclosures: | August 28, 2024 |
| Discovery cutoff: | September 27, 2024 |
| Dispositive motions: | October 28, 2024 |
| Joint pretrial order: | November 27, 2024[3] |

DATED: November 22, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

modified their proposed discovery deadlines. Second, class certification motions are typically decided by the assigned district judge, not the assigned magistrate judge. So, unless the assigned district judge refers the class certification motion to the undersigned, any proposed changes to the class-certification briefing schedule are more properly decided by the district judge.

[3] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.